Chester Wayne BORIS, Appellant,

v.

Anne Bevil BORIS, Appellee.

No. 2–82–124–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 24, 1982.

Carmen Glazner, Fort Worth, for appellant.

Before MASSEY, C.J., and JORDAN and RICHARD L. BROWN, JJ.

OPINION

PER CURIAM.

This is an accelerated appeal from an order of the trial court granting Ann Bevil Boris' amended motion for new trial.

We find that this court has no jurisdiction and, accordingly, we dismiss the appeal.

The record before us reflects that: (1) the trial court signed the order complained of on February 26, 1982; (2) Anne Bevil Boris filed a motion for new trial on March 26, 1982, and an amended motion for new trial on April 30, 1982; (3) the trial court held a hearing on the amended motion for new trial on May 7, 1982; and (4) the trial court signed an order on June 8, 1982 granting a new trial.

The issue before us is whether the trial court had jurisdiction of the cause on June 8, 1982, to grant a new trial. We hold that it did under Tex.R.Civ.P. 329b, which provides in part:

"(c) In the event an original or amended motion for new trial is not determined by written order signed within *seventy-five* days after the judgment is signed, it shall be considered overruled by operation of law on expiration of that period."

"(e) If a motion for new trial is timely filed by any party, the trial court, *regardless of whether an appeal has been perfected,* has plenary power to grant a new trial ... until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." [Emphasis added.]

 In the instant case under rule 329b, Anne Bevil Boris' motion for new trial was overruled by operation of law on May 12, 1982, (75 days from the date that the modification order was signed); however, the trial court retained plenary power until June 11, 1982, (30 days after expiration of the 75 days) to grant a new trial. The trial court signed the order granting a new trial on June 8, 1982, while it still had plenary power to do so.

 An order granting a new trial within the time limit set by rule 329b is not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court. *Burroughs v. Leslie,* 620 S.W.2d 643 (Tex. Civ.App.—Dallas 1981, no writ).

The appeal is dismissed.