NO. 07-03-0124-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 22, 2004
_____

IN THE INTEREST OF A.N., J.A.N., E.E.N., and F.A.N.
_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-515,625; HON. JOHN T. FORBIS, PRESIDING
_____

*Opinion*
_____

Before JOHNSON, C.J. and QUINN and CAMPBELL, JJ.

Joe A. Narvais and Susanna Narvais, the biological parents of A.N., J.A.N., E.E.N., and F.A.N. (referred to as the children), appeal to this court from an order terminating their parental relationship with the mentioned children. In one issue, they contend that they were denied due process. This allegedly occurred when the district court adopted the findings of the associate judge without affording either parent opportunity to contest them through appeal. We dismiss the appeal for want of jurisdiction.

### Background

The Texas Department of Protective and Regulatory Services (Department) initiated suit to terminate the parental rights of Joe and Susanna. The matter was referred to an associate judge by the district court. The latter convened a trial without a jury, received

evidence, and executed a document entitled "Order of Termination." Therein, it found and recommended that it would be in the best interests of the children to end the parent/child relationship between them and their biological parents. The order and recommendation was signed by the associate judge on February 7, 2003. Later that same day, the referring court, allegedly through inducement by the Department, signed an order adopting the associate judge's report. The referring court's order adopting the report stated:

> [t]he above and foregoing orders [of the associate judge] having been presented to this Court, and no demand for hearing having been made in the time and manner permitted by law, it is ORDERED that said orders be and are hereby adopted as the orders of this Court.

On February 10, 2003, Joe filed a "Notice of Appeal from Associate Judge's Hearing." Among other things, he alleged in the notice that he objected to the ruling of the associate judge and the conclusion that clear and convincing evidence supported termination of his parental rights. This February 10th notice of appeal was followed by another filed on March 6, 2003. Through it, Joe again sought to appeal "from [the] Associate Judge's findings and conclusions . . . ." However, he was not alone in doing that.

On February 12, 2003, Susanna also filed a notice of appeal, therein objecting to various findings of the associate judge. This notice was followed by another filed on February 27, 2003. In the latter, she evinced her desire to appeal "from the judgment signed on February 7[] 2003" to this court of appeals.

What followed next underlies the heart of the issue before us. Within 30 days of the date the district court adopted and finalized the associate judge's recommendation, Joe moved for a new trial. Though the grounds stated in the motion were somewhat unclear, he apparently believed himself entitled to relief because the decision of the associate judge

2

was not supported by clear and convincing evidence and the associate judge erred in admitting evidence of a criminal conviction that was subject to an ongoing appeal.

By order signed on April 8, 2003, the trial court granted Joe and Susanna a new trial "on all issues." Thereafter, a non-jury trial was convened which resulted in the execution of another "Order of Termination" signed on April 11, 2003. Through it, the district court ordered that the parental relationship between Joe, Susanna, and the children be terminated. No one filed separate notices of appeal from that order.

### *Issue – Deprivation of Due Process*

As previously mentioned, Joe and Susanna assert that they were denied due process because they were not afforded opportunity to contest the associate judge's recommendation and findings. Furthermore, they purportedly were denied that opportunity because the district judge adopted the recommendation and findings before expiration of the statutory period in which they had to contest them.[1] That the district court eventually granted them a new trial allegedly did not ameliorate the wrong since its plenary jurisdiction to afford them that relief had expired. And, therein lies the pivotal issue at bar.

Did the trial court's plenary jurisdiction over the termination proceeding expire before it granted a new trial? Joe and Susanna say it did since an appeal from an order terminating the parent/child relationship is an accelerated one, and because it is accelerated, the time within which the trial court may exercise its plenary jurisdiction is shortened. Of course, the Department disagrees.

---

[1]Statute affords a party the right to "appeal an associate judge's report by filing notice of appeal not later than the third day after the date the party receives notice of the substance of the associate judge's report . . . ." TEX. FAM. CODE ANN. §201.015(a) (Vernon 2002).

3

To resolve the question, we look to Rule 329b(e) of the Texas Rules of Civil Procedure and the opinion in *Boris v. Boris*, 642 S.W.2d 855 (Tex. App.--Fort Worth 1982, no writ). The former states that if a motion for new trial is timely filed "by any party," then the trial court "has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first."[2] TEX. R. CIV. P. 329b(e). More importantly, this plenary power exists "regardless of whether an appeal has been perfected", *id.*, even one that is accelerated. *See Boris v. Boris*, 642 S.W.2d 855, 856 (Tex. App.--Fort Worth 1982, no writ) (involving an accelerated appeal and holding that the appellate court had no jurisdiction over the cause since the motion for new trial extended the duration of the trial court's plenary jurisdiction and the court granted the motion within the extended period). So, initiating an accelerated appeal does not reduce the duration of the trial court's plenary jurisdiction.[3]

Next, to the extent Joe and Susanna suggest that no one timely filed a motion for new trial from the district judge's February 7th order, we would disagree. Joe moved for a new trial on March 7, 2003, or approximately 28 days after the order was signed. Again, the rules of civil procedure grant a party 30 days to move for a new trial. TEX. R. CIV. P. 329b(a). Consequently, the filing was timely. And though Joe alluded to the decision of

[2]A motion for new trial is timely if filed no later than 30 days from the date the judgment or order complained of is signed. TEX. R. CIV. P. 329b(a).

[3]This is not true in accelerated appeals from a quo warranto proceeding, however. In such cases, motions for new trial are overruled by operation of law 50 days after the judgment is signed. TEX. R. APP. P. 28.2. Ordinarily, a motion for new trial is not overruled by operation of law until 75 days has lapsed. TEX. R. CIV. P. 329b(c). So, because the period within which the court must act to avoid a motion for new trial from being overruled by operation of law is shorter in an appeal from a quo warranto proceeding, the duration of the trial court's plenary power in such cases is reduced somewhat.

the associate judge in it, we nonetheless hold the motion sufficient to extend the district court's plenary power. This is so because, for all intents and purposes, the decision of the associate judge was that of the district judge. The latter, as previously illustrated, neither held a hearing nor received other evidence once the associate judge made its recommendations. Rather, the district court adopted the order of the associate judge on the day it was issued. So, to attack the admissibility and quantum of the evidence underlying the district court's decision, Joe of necessity had to attack the evidence presented to the associate judge, and that is what he did in his motion for new trial. Simply put, in attacking the associate judge's decision via his request for a new trial, Joe was also attacking that of the district judge.

Finally, by timely moving for a new trial, Joe vested the trial court with plenary power to grant such relief for at least 105 days from February 7th.[4] *See L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996) (stating that the trial court's plenary jurisdiction cannot extend beyond 105 days after the trial court signs the judgment). The record illustrates that a new trial was granted on April 8, 2003, well within the 105-day period. And, because Joe and Susanna received a new trial on all issues, we cannot say they were harmed by the initial failure to accord them opportunity to attack the associate judge's report and recommendation.

---

[4]Had the trial court denied the motion before it would have been overruled by operation of law, then the duration of the trial court's plenary power would have shrunk proportionally. *See* TEX. R. CIV. P. 329b(e) (stating that the trial court retains its plenary power to grant a new trial for 30 days from the date a motion for new trial is overruled by order or operation of law).

5

Accordingly, we overrule the sole issue before us and dismiss the appeal for want of jurisdiction.[5]


Brian Quinn
Justice

---

[5]An order granting new trial deprives an appellate court of jurisdiction over the appeal. *Boris v. Boris*, 642 S.W.2d 855, 856 (Tex. App.--Fort Worth 1982, no writ).