NO. 07-08-0102-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 19, 2008
_____

IN THE MATTER OF K.F.
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY

SITTING AS A JUVENILE COURT

NO. 2007-762,542; HONORABLE CECIL PURYEAR, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

K. F., a juvenile, appeals a final order rendered under the Juvenile Justice Code. Title III, Tex. Family Code Ann. (Vernon 2002 & Supp. 2007). On February 15, 2008, the trial court held a disposition hearing and placed K. F. on probation according to Family Code § 54.04. Tex. Fam. Code Ann. § 54.04(d)(1) (Vernon Supp. 2007). K. F. timely filed a motion for new trial and notice of appeal. *See* Tex. R. Civ. P. 329b (a), Tex. R. App. P. 26.1. Documentation provided us by the clerk of the trial court indicates that on February 26, 2008, the trial court granted K. F.'s motion for new trial.

By letter, we notified the parties that it appeared we lacked jurisdiction of the appeal because of the trial court's grant of a new trial. We afforded K. F. and the State ten days to demonstrate grounds for retaining the appeal. Having received no response from either side, we *sua sponte* consider our jurisdiction over the appeal. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (noting our obligation to consider jurisdiction *sua sponte*).

An order granting a new trial reinstates the case on the trial court's docket "the same as though no trial had been had." *Wilkins v. Methodist Health Care Sys.,* 160 S.W.3d 559, 563 (Tex. 2005); *see also Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex.App.–Houston [14th Dist.] 2003, pet. den'd) ("When a motion for new trial is granted, the original judgment is set aside and the parties may proceed without prejudice from previous proceedings."), *cert. denied,* 543 U.S. 820, 125 S. Ct. 69, 160 L. Ed. 2d 29 (2004). An order granting new trial deprives an appellate court of jurisdiction over the appeal. *Boris v. Boris,* 642 S.W.2d 855, 856 (Tex.App.–Fort Worth 1982, no writ).

Accordingly, because there is no final order or judgment in this case, and having given the parties the required ten days notice, we dismiss the appeal on our own motion for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).


James T. Campbell
Justice