

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00349-CV

IN THE ESTATE OF WANDA GAIL BETTS LAYFIELD, DECEASED

On Appeal from the County Court[1]
Navarro County, Texas
Trial Court No. P18839, Honorable Amanda D. Putman, Presiding

December 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant Ricky Layfield filed a notice of appeal, pro se, from the trial court's judgment declaring heirship and order appointing appellee Christian Betts as administrator of the estate of Wanda Gail Betts Layfield. Ricky also appeals from the "Proof of Death and Other Facts" filed by Christian in the trial court. We dismiss the purported appeal for want of jurisdiction.

---

[1] Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Wanda died in 2018.  In January of 2019, Christian filed an application to determine heirship and an application for letters of administration.  The trial court held a hearing on the applications in March of 2019.  Following the hearing, Ricky filed a motion for new trial.  The trial court did not rule on Christian's applications until August 30, 2019, when the court signed the judgment declaring heirship and order issuing letters of administration.  Ricky timely filed this appeal.  However, on October 18, 2019, the trial court granted Ricky's motion for new trial on both applications within its plenary power.  TEX. R. CIV. P. 329b(a), (c), (e).

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam).  When a trial court grants a motion for new trial, the court's original judgment or order is vacated and the case proceeds as if there had been no trial.  *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  Thus, an order granting a new trial deprives an appellate court of jurisdiction over an appeal.  *In re K.F.*, No. 07-08-00102-CV, 2008 Tex. App. LEXIS 2068, at *2 (Tex. App.—Amarillo Mar. 19, 2008, no pet.) (mem. op.) (citing *Boris v. Boris*, 642 S.W.2d 855, 856 (Tex. App.—Fort Worth 1982, no writ)).

By letter of October 29, 2019, we notified the parties that it did not appear we had jurisdiction over the appeal because the trial court granted a new trial.  The letter also advised that the "Proof of Death and Other Facts" filed by Christian was not a judgment or order of the trial court.  We directed the parties to show how we had jurisdiction over

the appeal by November 8, or the appeal would be dismissed for want of jurisdiction. Neither party responded to our letter.

Based on our review of the record, we conclude we are without jurisdiction to review the appeal and dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam