

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00431-CV
No. 07-19-00432-CV

---

**IN THE INTEREST OF C.B., A CHILD**
**IN THE INTEREST OF M.B., A CHILD**

---

On Appeal from the 100th District Court
Carson County, Texas
Trial Court Nos. 12,260 & 12,261, Honorable Stuart Messer, Presiding

---

February 18, 2020

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Father, appeals from two trial court orders terminating his parental rights to his children, C.B. and M.B.[1]  The trial court issued the orders of termination on December 6, 2019.  Thereafter, Father filed a motion for new trial in each cause.  The trial court granted both motions on January 17, 2020.  Accordingly, we dismiss the appeals for want of jurisdiction.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant as "Father" and to the children by their initials.  See TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2019); TEX. R. APP. P. 9.8(b).

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (final judgment); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam) (interlocutory appeal).  When a trial court grants a motion for new trial, the court's original judgment or order is vacated and the case proceeds as if there had been no trial.  *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  Thus, an order granting a new trial deprives an appellate court of jurisdiction over an appeal.  *In re K.F.*, No. 07-08-00102-CV, 2008 Tex. App. LEXIS 2068, at *2 (Tex. App.—Amarillo Mar. 19, 2008, no pet.) (mem. op.) (citing *Boris v. Boris*, 642 S.W.2d 855, 856 (Tex. App.—Fort Worth 1982, no writ) (per curiam)).

By letter of January 21, 2020, we notified Father that it did not appear we had jurisdiction because the trial court granted his motions for new trial.  We directed Father to show grounds for continuing the appeals by January 31, or we would dismiss them for want of jurisdiction.  Father did not respond to our letter.

Because there is no final judgment in these cases, we dismiss the appeals for want of jurisdiction.  TEX. R. APP. P. 42.3(a).

Per Curiam