

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN THE INTEREST OF<br><br>J.M.C.,<br><br>A CHILD. | §<br>§<br>§<br>§<br>§<br>§<br>§ | No. 08-21-00193-CV<br><br>Appeal from the<br><br>65th District Court<br><br>of El Paso County, Texas<br><br>(TC# 2020DCM0400) |

## MEMORANDUM OPINION

This matter is before the Court on its own motion to determine whether this appeal should be dismissed for want of jurisdiction. Specifically, we must decide whether we have lost jurisdiction over the trial court's termination judgment given the trial court later granted a trial de novo during the pendency of this appeal.

We conclude the trial court's grant of a trial de novo served to vacate the judgment underlying this appeal. As such, we dismiss the appeal for want of jurisdiction because there is no longer a final judgment at bar.

## BACKGROUND

This case presents an attempted appeal from an order terminating Mother D.L.C.'s parental rights to her child, J.M.C. The associate judge signed an order of termination on September 29,

2021. That same day, the referring court also signed the order of termination, adopting it as its own termination order.

Two days following, on October 1, 2021, Mother filed a request for a de novo hearing before the referring court. Because Mother's request was filed within three days of receiving notice of the associate judge's ruling, it was timely filed pursuant to TEX.FAM.CODE ANN. § 201.015(a). Additionally, however, Mother also pursued two other forms of relief in the days that followed. First, on October 16, 2021, Mother filed a motion for new trial pursuant to Rule 320 of the Texas Rules of Civil Procedure. Second, on October 19, 2021, Mother filed a notice of appeal with this Court indicating she had a desire to appeal the final termination order signed on September 29, 2021.

On November 18, 2021, while this appeal remained pending, the referring court signed an order titled, "Order Setting Hearing." In a single sentence, the order provided that "the Trial De Novo is scheduled on December 10, 2021, at 8:30 a.m." On the same day, Mother then filed an unopposed motion to stay this pending appeal indicating both, that a "Request for De Novo Hearing" had been timely made and also informing this Court that a "Trial De Novo was scheduled for December 10, 2021." We construed Mother's motion as a motion requesting abatement until new proceedings were resolved in the court below.[1] But given that abatement request, we also questioned whether we retained jurisdiction over the appeal of the termination order of September 29. We asked the parties to address our jurisdictional inquiry.

In responding, Mother asserted, without citation to authority, that the newly scheduled proceeding did not deprive this Court of jurisdiction over the appeal. Within her response, Mother

---

[1] Abatements in child-protection cases are disfavored by this Court when "not feasible" in light of the 180-day resolution deadline imposed on us by the Texas Rules of Judicial Administration. *See In the Interest of S.J.H.*, 594 S.W.3d 682, 691 n.12 (Tex.App.—El Paso 2019, no pet.)(citing TEX.R.JUD'L ADMIN. 6.2(a)).

reasserted her request to abate the appeal pending "the trial de novo." She also informed this Court that she had conferred with opposing counsel and neither party objected to her request. Next, to confirm the trial court's orders after the appeal had begun, we ordered a supplemental clerk's record, set the case for dismissal consideration, and again asked the parties to show cause why this appeal should not be dismissed. Mother then filed a motion to dismiss in which she asserted she no longer had a desire to appeal. We address both motions pending, the motion to abate and the motion to dismiss.

## DISCUSSION

Ordinarily, this Court has appellate jurisdiction over final judgments and those interlocutory appeals authorized by the Legislature. A judgment is final if it purports to dispose of all parties and all claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). In filing her notice of appeal, Mother asserted the termination order of September 29, 2021, constituted a final appealable order.

Given overlapping jurisdiction, a trial court judgment that appears final at the start of an appeal does not always remain as a final, appealable order. The trial court's period of plenary power may be extended by the timely filing of an appropriate post judgment motion. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Specifically, a motion for new trial extends the plenary power of the trial court regardless of the filing of an appeal. *See* TEX.R.CIV.P. 329b(d)("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). If such motion is timely filed, the trial court has plenary power to alter the judgment "until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." *See*

TEX.R.CIV.P. 329b(e). Consequently, the filing of a motion for new trial within the initial thirty-day period extends the trial court's plenary power over its judgment up to an additional 75 days, depending on when or whether the court acts on the motion filed. *See In re Heritage Op., L.P.*, 468 S.W.3d 240, 246 (Tex.App.—El Paso 2015, orig. proceeding); *see also* TEX.R.CIV.P. 329b(c).

If the trial court takes such actions during the early part of an appeal, while it maintains its plenary jurisdiction, the appellate court may lose jurisdiction over the appeal. *See, e.g., N. Burnet Gun Store, L.L.C. v. Tack Trustee of Harvey Donald Testamentary Fam. Trust*, 604 S.W.3d 587, 590 (Tex.App.—Austin July 1, 2020, no pet.)(dismissing appeal for want of jurisdiction following grant of a new trial); *Day v. Smith*, No. 13-12-00548-CV, 2012 WL 7849719, at *1 (Tex.App.—Corpus Christi Nov. 29, 2012, no pet.)(mem. op.)(dismissing appeal for want of a final judgment where trial court entered final summary judgment but later, during the plenary period, issued an order stating it was only granting partial summary judgment and reserving certain matters for later resolution). As observed by our higher court, "when a motion for new trial is granted the case shall be reinstated upon the docket of the trial court and stand for trial the same as though no trial had been had." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). The general rules surrounding the trial court's plenary power apply equally in cases pertaining to the termination of parental rights. *See In re J.A.M.*, No. 04-11-00165-CV, 2011 WL 3122535, *2 (Tex.App.—San Antonio July 27, 2011, no pet.)(mem. op.)(concluding that parent's timely-filed motion for new trial extended the trial court's plenary period to modify or vacate judgment to seventy-five days in parental rights termination case).

As relevant here, the Legislature permits judges in civil proceedings to refer certain cases to associate judges for disposition of a variety of matters, including trials on the merits. *See In re A.L.M.-F.*, 593 S.W.3d 271, 273 n.1 (Tex. 2019). Specifically, Section 201.015 of the Family Code

applies to associate-judge referrals in child-protection cases. *Id*. at 276 (citing TEX.FAM.CODE ANN. § 201.015). Barring an objection, "the associate judge may determine the merits in either a bench or a jury trial, subject to the parties' post-trial right to [timely] request a 'de novo hearing' before the referring court." *Id*. at 273-74.

When a child-protection case is referred to an associate judge for an authorized purpose, "[a] party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of [the substance of the associate judge's ruling or order]." *Id*. at 276 [Alteration in original] (quoting TEX.FAM.CODE ANN. § 201.015(a)). Moreover, "[p]articipation in, or waiver of, a de novo hearing is without prejudice to 'the right of a party to file a motion for new trial, motion for judgment notwithstanding the verdict, or other post-trial motion.'" *Id*. at 280. "De novo hearings are limited to the specific issues stated in the de novo hearing request, and the referring court must conduct the de novo hearing within thirty days of the request." *Id.* at 276; *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex.App.—El Paso 1998, no pet.); *see also* TEX.FAM.CODE ANN. § 201.015(f).

Here, our record shows that Mother sought two forms of relief in the court below following the associate judge's issuance of a termination order while also pursuing an appeal with this Court. First, Mother timely filed a request for a de novo hearing within three days of the associate judge's order. That request sought a review of issues to include: (1) the naming of the Texas Department of Family and Protective Services as the child's permanent managing conservator; (2) the associate judge's findings against Mother on all four grounds of termination; (3) on certain evidentiary rulings made by the associate judge; and (4) on the associate judge's findings pertaining to the best interest of the child. Second, Mother timely filed a motion for new trial within thirty days of the referring court's signed order pursuant to Rule 329b(a) of the Rules of Civil Procedure. On

5

November 18, 2021, the referring court set the case for a "Trial De Novo," which was scheduled for December 10, 2021.

In *In re A.L.M.-F.*, the Supreme Court of Texas highlighted the substantive differences between these two forms of relief pursued in the court below. 593 S.W.3d at 277. As the Supreme Court explained, the term "de novo hearing," does not itself equate to a "trial de novo." *Id.* "De novo hearings" are limited to the specific issues stated in the de novo hearing request, and the hearing must be held within thirty days of the request. *Id.* at 276. In contrast, a "trial de novo" is a new and independent action in the reviewing court with all the attributes of an original action as if no trial of any kind has occurred in that tribunal. *Id.* at 277. "The defining characteristic of a trial de novo is that it is a complete retrial on all issues on which the judgment was founded." *Id.* at 278. In such proceedings, the judgment of the first tribunal is ordinarily vacated and nullified. *Id.* at 278-79.

Guided by *In re A.L.M.-F.*, we conclude the trial court's order scheduling a "trial de novo," more than thirty days after final judgment but during the plenary period of the trial court, constituted the functional equivalent of a new trial grant that vacated the previous judgment, since: (1) the order reinstated the case on the trial court's docket for trial on December 10, 2021; and (2) the order came within the 75-day plenary period created by Mother's filing of a motion for new trial.[2] Under similar circumstances as presented here, the Amarillo Court of Appeals found it lacked jurisdiction over a pending appeal of a final termination judgment when the referring court granted a new trial after having adopted the associate judge's order as its own final judgment, on

---

[2] We construe the trial court's order as granting a new trial in its entirety rather than simply scheduling a de novo hearing because (1) the trial court used the phrase "trial de novo" in its order, which is a term of art distinct from a "de novo hearing," *see In re A.L.M.-F.*, 593 S.W.3d at 279-80; (2) Mother's motion for new trial was pending when the trial court granted its order; and (3) the Family Code requires a de novo hearing to be held not later than the 30th day after the date on which the initial request for a de novo hearing was filed with the clerk of the referring court, *see* TEX.FAM.CODE ANN. § 201.015(f), whereas the "trial de novo" was granted more than 30 days after the de novo request was made and scheduled for a future date.

the same day as those findings were issued, without first allowing the affected parents to seek de novo review with the referring court. *See In re A.N.*, 126 S.W.3d 320, 323 (Tex.App.—Amarillo 2004, pet. denied)(new trial grant vacated previous final order and deprived appellate court of jurisdiction).

Because the trial court's order in this instance had the effect of reinstating the case on the trial court's docket the same as though no trial had been had, we conclude there is no longer an appealable final judgment and we lack jurisdiction over this appeal. As such, this appeal is dismissed for want of jurisdiction. Also, having lost jurisdiction during the pendency of the appeal, Mother's motion to stay pending request for de novo hearing, and her motion to dismiss, are moot.

GINA M. PALAFOX, Justice

December 17, 2021

Before Rodriguez, C.J., Palafox, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.)(Sitting by assignment)