

In The

# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00136-CV

IN THE INTEREST OF O.C., A CHILD

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. DC-2022-FM-1204, Honorable Kara L. Darnell, Presiding

June 5, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Mother, appeals from the trial court's order terminating her parental rights to her child, O.C.[1]  Because the trial court has granted Mother's motion for new trial, we dismiss the appeal for want of jurisdiction.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam).  When a trial court grants a motion for new trial, the court's original

---

[1] To protect the privacy of the parties involved, we will refer to Appellant as "Mother" and to the child by his initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

judgment or order is vacated and the case proceeds as if there had been no trial. *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g). Thus, an order granting a new trial deprives an appellate court of jurisdiction over an appeal. *In re K.F.*, No. 07-08-00102-CV, 2008 Tex. App. LEXIS 2068, at *2 (Tex. App.—Amarillo Mar. 19, 2008, no pet.) (mem. op.) (*citing Boris v. Boris*, 642 S.W.2d 855, 856 (Tex. App.—Fort Worth 1982, no writ) (per curiam)).

The trial court signed the *Final Order of Termination of Parental Rights* on March 24, 2023. Thereafter, Mother timely filed a motion for new trial. Within its plenary power, the trial court signed an *Order Granting Respondent Mother's Motion for New Trial and Setting Hearing*. Thus, by letter of May 11, 2023, we notified Mother that it did not appear we had jurisdiction over the appeal. We directed her to show grounds for continuing the appeal by May 22, or we would dismiss the appeal for want of jurisdiction. Mother has not responded to our letter to date.

Because there is no final judgment or appealable order, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam